UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARK CROMWELL,

                               Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.

Case # 18-CV-1194-FPG

DECISION AND ORDER

## INTRODUCTION

Plaintiff Mark Cromwell brings this action pursuant to Title XVI of the Social Security Act seeking review of the denial of his Supplemental Security Income ("SSI") application.

Plaintiff protectively applied for SSI on March 25, 2015, alleging disability based on hypertension, asthma, spinal stenosis, obesity, and lumbar spine injury. Tr. 71, 153, 184. After the Social Security Administration ("SSA") denied his application, Plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). Tr. 62-67. On January 31, 2018, the ALJ issued an unfavorable decision. Tr. 15-35. After the Appeals Council denied Plaintiff's request for review, the SSA's decision became final and Plaintiff appealed it to this Court. Tr. 1-5; ECF No. 1. This Court has jurisdiction to review the SSA's final decision pursuant to 42 U.S.C. § 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 12. For the reasons that follow, the Commissioner's motion is GRANTED, Plaintiff's motion is DENIED, and this action is DISMISSED WITH PREJUDICE.

## LEGAL STANDARD

To determine whether a claimant is disabled within the meaning of the Social Security Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant

1

is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him to perform the requirements of his past relevant work; and (5) whether the claimant's RFC permits him to perform alternative substantial gainful work which exists in the national economy in light of his age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *Parker v. City of New York*, 476 U.S. 467, 470-71 (1986); *see also* 20 C.F.R. §§ 404.1520, 416.920.

When a district court reviews a final decision of the SSA, it does not "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's benefits application using the process described above. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the application date. Tr. 20. At step two, the ALJ found that Plaintiff has several severe physical

impairments, including asthma, degenerative disc disease, and disease of the lumbar spine and cervical spine with status-post hemilaminotomy and discectomy at L4-5 and L5-S1. Tr. 20. The ALJ also found that Plaintiff has several nonsevere mental impairments, including anxiety, depression, and panic disorder. Tr. 21. At step three, the ALJ found that none of Plaintiff's impairments meet or medically equal the criteria of any Listings impairment and determined that Plaintiff retains the RFC to perform sedentary work with additional physical restrictions. Tr. 23-29. At step four, the ALJ found that Plaintiff is not able to perform any past relevant work, and at step five, he found that Plaintiff can adjust to other work that exists in significant numbers in the national economy. Tr. 29-31. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 31.

## II. Analysis

On appeal, Plaintiff makes three arguments. First, he argues that the ALJ failed to account for his nonsevere mental impairments in his RFC determination ("RFCD"). Second, he argues that the ALJ incorrectly evaluated the opinion evidence as to his physical impairments. Third, he argues that the ALJ failed to account for his need for a cane in his RFCD. The Court finds that none of these arguments warrant remand.

### A. Nonsevere Mental Impairments

Plaintiff first argues that the ALJ erred by failing to account for his nonsevere mental impairments in his RFCD. The ALJ determined that Plaintiff's mental impairments of depression, anxiety, and panic disorder were nonsevere, but did not include any mental limitations in his RFCD.

Plaintiff is correct that an RFCD "must account for limitations imposed by both severe and nonsevere impairments." *Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (summary order) (citing 20 C.F.R. § 416.945(a)(2)). However, the Court disagrees that the ALJ erred here,

3

because his decision makes clear that he considered Plaintiff's mental impairments in his RFC analysis and determined that they did not warrant any limitations.

In his step two analysis, the ALJ explicitly stated that he considered Plaintiff's nonsevere impairments and that his RFCD accommodated them. Tr. 22. While courts have criticized similar statements as "boilerplate," "lip service," and "conclusory," *Reed v. Comm'r of Soc. Sec.*, No. 18-cv-0169-JWF, 2019 U.S. Dist. LEXIS 163411, at *5-6 (W.D.N.Y. Sep. 24, 2019), *MacDonald v. Comm'r of Soc. Sec.*, No. 17-CV-921, 2019 U.S. Dist. LEXIS 115816, at *9 (W.D.N.Y. July 11, 2019), the ALJ did more here.

In his RFC analysis, the ALJ cited evidence supporting his conclusion that Plaintiff's nonsevere mental impairments do not warrant any restrictions. For example, he noted that despite Plaintiff's allegations of depression, the record showed that he refused counseling. Tr. 25. He had normal behavior, appearance, interaction, eye contact, mood, affect, and thought process and content. Tr. 26. His physician, Daniel Molloy, M.D., opined that he could perform "normal work" in a moderately stressful job. Tr. 27, 316. A psychological consultant, Dr. Tzetzo, opined that Plaintiff's depression and anxiety are nonsevere, that his mental status findings were normal, and that he could handle normal work pressures. Tr. 28, 78. Finally, Susan Santarpia, Ph.D, another consultative psychologist, reported normal mental status findings and opined that Plaintiff appeared to have stress-related problems, but his limitations were not significant enough to interfere with his ability to function on a daily basis. Tr. 28, 304.

Accordingly, the Court finds that the ALJ considered Plaintiff's mental impairments in determining his RFC and that substantial evidence supports his conclusion that they do not warrant any limitations. *See Goettel v. Comm'r of Soc. Sec.,* No. 1:18-CV-1285 (WBC), 2019 U.S. Dist. LEXIS 197768, at *18-19 (W.D.N.Y. Nov. 14, 2019) (affirming where "the ALJ specifically

4

considered the medical evidence pertaining to Plaintiff's mental impairments at step four and determined no additional mental limitations were warranted"); *Crumedy v. Comm'r of Soc. Sec.*, No. 1:16-CV-1261 (GTS), 2017 U.S. Dist. LEXIS 166309, at *19-20 (N.D.N.Y. Oct. 6, 2017) (affirming where the evidence suggested that plaintiff's impairment imposed no more than a minimal effect on his functioning and substantial evidence supported the ALJ's conclusion that there was no basis for including limitations regarding the nonsevere impairment in the RFCD). Remand is therefore not required on this basis.

### B. Opinion Evidence

Plaintiff next argues that the ALJ erred in evaluating the medical opinion evidence regarding his physical impairments. Again, the Court finds that remand is not required.

First, Plaintiff argues that the ALJ cherry-picked Dr. Molloy's opinion by adopting some portions of it and rejecting others. An ALJ is free to credit some portions of opinions and reject others, "[b]ut, when doing so smacks of 'cherry picking' of evidence supporting a finding while rejecting contrary evidence from the same source, an [ALJ] must have a sound reason for weighting portions of the same-source opinions differently." *Younes v. Colvin*, No. 1:14-170, 2015 U.S. Dist. LEXIS 43990, at *26-28 (N.D.N.Y. Mar. 13, 2015).

Here, the ALJ gave sound reasons for weighting portions of Dr. Molloy's opinion differently. The ALJ gave greater weight to the portion of Dr. Molloy's opinion indicating that Plaintiff would be absent one day per month, was capable of handling stress and engaging in a normal work routine with breaks every four hours, did not need an assistive device, and could perform occasional postural activities. He explained that this portion of the opinion was consistent with the evidence of record and therefore entitled to greater weight. Tr. 27. Indeed, these portions of Dr. Molloy's opinion were consistent with the longitudinal evidence showing intact sensation,

intact lower extremity strength, negative straight leg raises, normal stance, and full and active range of motion. Tr. 26-27, 309, 324, 326, 366, 437, 483, 488.

The ALJ gave less weight to Dr. Molloy's opinion that Plaintiff could occasionally lift up to 50 pounds and that he required restrictive sit/stand opinions. Tr. 27. The ALJ explained that these portions of the opinion were inconsistent with the objective record evidence. Tr. 27. For example, Dr. Molloy's opinion that Plaintiff could occasionally lift 50 pounds is inconsistent with (and less restrictive than) Plaintiff's own testimony that he could only lift five pounds, and his opinion that Plaintiff could only sit for about five minutes is inconsistent with Plaintiff's testimony that he could sit for about ten minutes. Tr. 50-51, 314. In any case, the ALJ's RFCD includes a limitation that Plaintiff needs to alternate between sitting and standing at will, so it is not clear why Plaintiff contends that the ALJ discounted Dr. Molloy's opinion regarding sit/stand options.

Second, Plaintiff argues that that ALJ erred in giving "some weight" and "significant weight" to the opinions of Gary Wang, M.D., and Donna Miller, D.O., because both opinions were rendered before Plaintiff had surgery. But the ALJ acknowledged this and explained that because of the subsequent surgery, a more restrictive RFCD than either doctor endorsed was warranted. Tr. 28. The ALJ therefore did not improperly rely on stale opinions to formulate his RFCD.

**C. Use of a Cane**

Finally, Plaintiff argues that the ALJ failed to account for Plaintiff's need for a cane in his RFCD. He contends that substantial evidence supports a finding that a cane was medically necessary, and that the ALJ erred in finding that it was not. This may be so, but substantial evidence also supports the ALJ's finding. For example, the ALJ noted Dr. Molloy's opinion that a cane was not medically necessary, Tr. 315, and cited evidence indicating that Plaintiff did not consistently use a cane, that his request for a cane coincided with drug-seeking behavior, and that

6

certain test results demonstrated intact lower extremity strength. Tr. 29, 278, 308, 323, 483, 487. Plaintiff's contention that he needs the cane may be his view of the evidence, but where substantial evidence supports the ALJ's decision, a court will not remand simply because the evidence also supports an alternate conclusion. *See Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).

In any case, the ALJ found that Plaintiff was limited to sedentary work. The use of a cane does not necessarily preclude a claimant from performing sedentary work. *See Johnson v. Comm'r of Soc. Sec.*, No. 18-CV-0507-MJR, 2019 WL 3406610, at *5 (W.D.N.Y. July 29, 2019) (holding that ALJ did not err in finding that claimant who was prescribed cane for balance, weightbearing, and pain could perform sedentary work). Further, at least one of the jobs that the vocational expert testified Plaintiff could perform—surveillance system monitor—can be performed even if an individual uses a cane. *See, e.g.*, *Rivera v. Berryhill*, No. 3:17-cv-01760 (SRU), 2019 U.S. Dist. LEXIS 168306, at *7 (D. Conn. Sep. 30, 2019); *Haman v. Berryhill*, No. 3:17-cv-1752 (VAB), 2019 U.S. Dist. LEXIS 51087, at *28 (D. Conn. Mar. 27, 2019). Accordingly, the Court finds that any error in the ALJ's failure to incorporate Plaintiff's need for a cane into his RFC was harmless.

## CONCLUSION

For the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is GRANTED, and Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: January 24, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court